```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

MARK WILLIAMS, et al.,          :
                                :
     Plaintiffs,                :
                                :
     v.                         :    CASE NO. 3:09cv1022(AWT)
                                :
COMMUNITY SOLUTIONS, INC.,      :
et al.,                         :
                                :
     Defendants.                :
```

                               ORDER

     Pending before the court is the request to appear <u>pro se</u> (doc.
75) filed by the plaintiff Mark Williams.   The plaintiff is
presently represented by Attorney Baird.   In a telephonic status
conference on the record on September 13, 2012, Mr. Williams said
that he wishes to continue to be represented by Attorney Baird.  He
explained that he wants to appear <u>pro se</u> in addition to Attorney
Baird.   The request is DENIED.

     Hybrid representation is "generally disfavored." <u>United States</u>
<u>v. Chavin</u>, 316 F.3d 666, 671-72 (7th Cir. 2002).  As provided for
by statute, "parties may plead and conduct their own cases
personally or by counsel as, by the rules of such courts,
respectively, are permitted to manage and conduct causes therein."
28 U.S.C. § 1654.   "[T]he rights of self-representation and
representation by counsel cannot be both exercised at the same
time. . . . Although a trial judge may in his discretion permit a
party to enjoy both halves of the statutory right . . . Section
1654 does not itself confer any right to 'hybrid representation.'"

O'Reilly v. New York Times Co., 692 F.2d 863, 868 (2d Cir. 1982). See United States v. Tutino, 883 F.2d 1125, 1141 (2d Cir. 1989) (The "decision to grant or deny 'hybrid representation' lies solely within the discretion of the trial court."); Hall v. Dorsey, 534 F. Supp. 507, 508 (E.D. Pa. 1982)(the right to representation is "disjunctive; a party may either represent himself or appear through an attorney."). "When a defendant who is represented by counsel files a motion pro se, the motion need not be accepted by the court." United States. v. Johnson, No. 3:09-CR-247(RNC), 2010 WL 3999232, at *1 (D. Conn. Oct. 6, 2010) ("Because the defendant is represented, his pro se motion could have been returned to him unfiled. Since it has been filed, it is hereby denied without prejudice."); Rhea v. Uhry, No. CV040093318S, 2005 WL 1331801 (Conn. Super. Ct. May 16, 2005) ("This court cannot find that hybrid representation in the instant action serves the interests of justice").

The Clerk of the Court is ORDERED to terminate the appearance of Mr. Williams as appearing pro se. The docket shall continue to reflect Attorney Baird as counsel for plaintiff Williams.

SO ORDERED at Hartford, Connecticut this 13th day of September 13, 2012.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge